UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ALEXIS SAUCEDO, | CIVIL ACTION NO. |
|---|---|
| Plaintiff | SECTION: |
| vs | JUDGE |
| COLUMBIA COLLECTION SERVICE, INC, an Oregon corporation. | MAGISTRATE JUDGE |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT -- CLASS ACTION

NOW INTO COURT, Plaintiff, ALEXIS SAUCEDO (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named DEFENDANT and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for statutory damages arising from COLUMBIA COLLECTION SERVICE, INC.'S ("DEFENDANT") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and DEFENDANT reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. COLUMBIA COLLECTION SERVICE, INC. is an Oregon corporation which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On June 6, 2017, PLAINTIFF and her husband entered into a residential lease to reside at the property located at 2712 Dreux Avenue, New Orleans LA 70122, (the "lease") a copy of which is attached hereto as **Exhibit 1**.

11. The lease does not provide an interest rate for late payments.

12. Pursuant to the terms of the lease, PLAINTIFF and her husband provided a $2,500 security deposit.

13. Approximately a year later, PLAINTIFF and her husband gave 60-days' notice of their intent to move out and timely moved out.

14. PLAINTIFF's security deposit was never returned to her.

15. PLAINTIFF never received an accounting of how the deposit was spent.

16. On or about September 18, 2018, DEFENDANT sent, or caused to be sent, the 2 collection letters attached hereto as **Exhibit 2**.

17. The first letter seeks a "Current Balance" of $2,024.16, including $24.16 in "Post-Assignment Interest." *Id*.

18. The second letter seeks a "Current Balance" of $428.98, including $5.12 in "Post-Assignment Interest." *Id*.

19. PLAINTIFF received the collection letters on October 1, 2018.

20. Upon receipt of the collection letters, PLAINTIFF called DEFENDANT.

21. A debt collector named Kevin notified PLAINTIFF that her previous landlord had retained DEFENDANT on September 17, 2018 to collect alleged debts pertaining to the installation and/or repair of the flooring and landscaping.

22. Kevin claimed DEFENDANT had credit reported the alleged debts on September 24, 2018.

23. This was the first time PLAINTIFF had heard of the alleged debts and disputed owing the same.

24. After her conversation with Kevin, PLAINTIFF and her husband checked their credit reports.

25. The alleged debts were not posted.

26. DEFENDANT is charging 14.3% interest on the alleged debts.

27.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

28.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 27inclusive, above.

29.     These claims for relief are brought by PLAINTIFF individually and on behalf of the following class: A class of consumers, who within one year prior to the filing of this action were sent a collection letter from DEFENDANT which assessed interest at a rate not fixed by contract.

30.     PLAINTIFF does not know the exact size or identities of the class as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes the class includes more than 50 individuals. The identities of these individuals can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

31.     All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

   a. Whether DEFENDANT'S actions violate 15 U.S.C. §§ 1692e(2)(A), (5), (1) and f(1);

   b. The identities of individuals who were sent a collection letter from

4

        DEFENDANT which violated the above subsection; and

    c. The total number of consumers to whom DEFENDANT sent a collection letter which violated the above subsections.

32. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

33. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

34. PLAINTIFF is committed to vigorously pursuing the claims herein.

35. A class action regarding the issues in this case does not create any problems of manageability.

36. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

37. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b) of the Federal Rules of Civil Procedure

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(2)(A), (5), (10) and f(1) AGAINST DEFENDANTS BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS

38. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 37 inclusive, above.

39. In the state of Louisiana, interest is either legal or conventional. La. R.S. §9:3500 A.

40. Legal interest is fixed "at the rate fixed in R.S. 13:4202 on all sums which are the subject of a judicial demand." La. R.S. §9:3500 B(1).

41. The judicial interest rate for 2018 is 5%.

42. The amount of "conventional interest cannot exceed twelve percent per annum." La. R.S. §9:3500(C). "The same must be fixed in writing." *Id*.

43. A debt collector is prohibited from misrepresenting the "character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

44. A debt collector is also prohibited from threatening "to take any action that cannot legally be taken" or using any false or "deceptive means to collect or attempt to collect" a debt. 15 U.S.C. §§ 1692e(5) and (10).

45. A debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

46. On or about September 18, 2018, DEFENDANT sent, or caused to be sent, 2 collection letters. Exhibit 2.

47. The first letter seeks a "Current Balance" of $2,024.16, including $24.16 in "Post-Assignment Interest." *Id*.

48. The second letter seeks a "Current Balance" of $428.98, including $5.12 in "Post-Assignment Interest." *Id*.

49. DEFENDANT is charging PLAINTIFF interest at a rate of 14.3% on an alleged debt incurred to repair the residential property located at 2712 Dreux Avenue, New Orleans LA 70122.

50. The rate of 14.3% is not fixed in the lease and is above the rate allowed by law.

51. DEFENDANT's collection letters misrepresent that PLAINTIFF owes interest accruing at the rate of 14.3%.

52. Upon information and belief, DEFENDANT has a policy of charging 14.3% interest on all debt it collects in the state of Louisiana.

53. As a result of DEFENDANT'S FDCPA violation, Plaintiff is entitled to an award of statutory damages.

54. It has been necessary for PLAINTIFF, on behalf of herself and those similarly situated to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(2)(A), (5) and (10) BROUGHT BY PLAINTIFF INDIVIDUALLY**

55. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 54 above.

56. A debt collector is prohibited from misrepresenting the "character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

57. A debt collector is also prohibited from threatening "to take any action that cannot legally be taken" or using any false or "deceptive means to collect or attempt to collect" a debt. 15 U.S.C. §§ 1692e(5) and (10).

58. DEFENDANT misrepresented that it had credit reported the alleged debts on September 24, 2018.

59. PLAINTIFF and her husband checked their credit reports and discovered that the alleged debts had not been credit reported, after all.

60. DEFENDANT lied to PLAINTIFF in an attempt to pressure her into re-paying the alleged debt.

61. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and is entitled to recovery reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

62. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) To certify PLAINTIFF'S claims as a class action pursuant FRCP 23(b);

(2) To Designate PLAINTIFF as the class representative and designate undersigned counsel as class counsel;

(3) To issue notice to the prosed class at DEFENDANTS' expense;

(4)  To enter judgment that the practices complained of herein are unlawful under the FDCPA and that DEFENDANTS violated the rights of PLAINTIFF and the class under the FDCPA;

(5)  For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(6)  For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(7)  For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(8)  For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(9)  For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(10) For any and all other relief this Court may deem appropriate.

DATED this 29th day of October 2018.

**GESUND AND PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff